### JEREMIAH FITZGERALD *vs.* JOHN T. JORDAN.

If an officer in serving a warrant for larceny takes from the defendant the goods alleged to have been stolen, and the defendant is discharged upon the complaint, it is the duty of the officer to return the goods; and if the person arrested owns the same and demands their return, and the officer refuses to give them up, he is liable for a conversion of the same; and he will not be excused by the fact that afterwards the complainant in the criminal process, not being the owner of the goods, has nevertheless obtained judgment against him, upon his default, for their conversion, and taken them away from him on execution.

A declaration alleging the conversion of boots is not supported by proof of a conversion of unfinished boots, in process of manufacture.

TORT for the conversion of thirty-six pairs of boots.

At the trial in the superior court, before *Rockwell*, J., it appeared that the defendant, who was a deputy sheriff, had a warrant against the plaintiff for larceny of the fronts of the boots from Darius Littlefield, and arrested him thereon and took from him the boots in question ; and upon the trial of the complaint before a magistrate the plaintiff was discharged, and demanded the return of the boots. The boots however remained in the defendant's possession until they were taken away by a constable on an execution which was issued upon a judgment recovered by Littlefield against the defendant, upon a default, in an action for the conversion of the boots. The constable did not sell them on the execution, but delivered them to Littlefield. Two dozen pairs of the boots had been made up, but the other ᷄ozen pairs were unfinished, some not being sewed together at all, and the rest in different stages of progress. The defendant contended that the plaintiff agreed that the boots might remain in his hands for three weeks, so that it might be determined to whom the fronts belonged; but this was denied by the plaintiff. The evidence tended to show that the boots were taken from he defendant within three weeks after the plaintiff was discharged, and that the defendant notified the plaintiff of Littlefield's suit against him.

The defendant objected that under the declaration the plaintiff could not recover except for finished boots, and made various other requests for instructions, which are now immaterial. The

judge declined to give the instructions requested, and instructed the jury as follows :

" If the boots were in the possession of the plaintiff, and were taken from his possession by the defendant, the defendant having no right of property in them, he is liable for their value, unless the evidence shows that Littlefield owned the fronts, and that the boots had gone into the hands and possession of Littlefield without fault of the defendant. If such appears to be the fact, to the satisfaction of the jury, the plaintiff cannot recover for the whole value of the boots, but only for the value of the boots, deducting the value of the fronts.

" If the jury are satisfied that the fronts were stolen from Littlefield, and that Littlefield now has the boots, then the plaintiff is entitled to recover ; and the measure of damages will be the value of the boots, wholly or partially finished, at the time of conversion, over and above the value of the fronts."

The jury returned a verdict for the plaintiff, finding that the fronts were not Littlefield's property ; and the defendant alleged exceptions.

*N. C. Berry*, for the defendant.

*W. Colburn*, for the plaintiff.

DEWEY, J. Many of the rulings asked for by the defendant become immaterial, inasmuch as the jury have found that the fronts of the boots were not the property of Littlefield. The case under this finding presents itself thus : The defendant, as an officer, had taken into his possession certain property, consisting of boots finished and stock for boots not worked up, upon a warrant alleging that the fronts had been stolen from Littlefield ; but, on examination of the case before a magistrate, the complaint not being supported, the plaintiff was discharged. In this state of the case it was the duty of the officer to return to the plaintiff the property which he had taken from him. It is said that this was properly omitted to be done, by reason of the plaintiff's agreement that the boots might remain in the defendant's hands for three weeks, in order that it might be determined to whom the fronts belonged. But this was denied by the plaintiff. Whether this contract was one in which

Littlefield participated as a party does not distinctly appear. If there was a mutual agreement between Littlefield and the plaintiff that the property should remain in the possession of the defendant three weeks, then the defendant had a good defence to the suit of Littlefield, and ought not to have suffered the action of Littlefield against him to go by default. If it was the sole assent of the plaintiff given to the officer, who had no interest in the property, then the plaintiff had a right to withdraw it and demand the property of the defendant, as he did. But the defendant not only refused to deliver it to him on this demand, but subsequently permitted the same to be taken by a constable from him, upon an execution upon a judgment in favor of Littlefield against the defendant, by whom the same was passed into the hands of Littlefield, but not sold on the execution. Upon these facts the jury might properly find that the defendant had been guilty of a conversion of the property. We see no ground for exceptions as to the ruling of the court upon this point.

The only ground for exceptions is as to the matter of variance. It was objected on the part of the defendant that, as the plaintiff had brought his action alleging a conversion of three dozen pairs of boots, and as by the evidence it appeared that a portion of the articles thus converted were mere stock for boots, in various stages of manufacture, and not finished boots, the latter were not included in this declaration, and that for so much the plaintiff could not recover in the present action. We think this instruction should have been given.

The error is, however, one only affecting the amount of damages. A new trial must be had as to the damages, confining the same to the compensation for the boots taken; and as to the ruling upon this point the exceptions are sustained. See *Kent v. Whitney,* 9 Allen, 62.  *Exceptions sustained.*